COUNTY SCHOOL BOARD OF ARLING-
TON COUNTY, VIRGINIA, and T. Ed-
ward Rutter, Division Superintendent
of Schools, Arlington County, Virginia,
Appellants,

v.

Clarissa S. THOMPSON et al., Appellees.

No. 7543.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1958.

Decided Feb. 12, 1958.

Writ of Certiorari Denied May 19, 1958.

See 78 S.Ct. 994.

James H. Simmonds, Arlington, Va.,
Henry T. Wickham, Sp. Asst. to the
Atty. Gen. of Virginia, and Frank L.
Ball, Arlington, Va. (Kenneth C. Patty,
Atty. Gen. of Virginia, on the brief),
for appellants.

Oliver W. Hill and Spottswood W.
Robinson, III, Richmond, Va. (Edwin C.
Brown, Alexandria, Va., on the brief),
for appellees.

Before PARKER, Chief Judge, and
SOBELOFF and HAYNSWORTH, Cir-
cuit Judges.

PER CURIAM.

This is another appeal in the school
segregation case which was before us in
School Board of City of Charlottesville,
Va. v. Allen (County School Board of
Arlington County, Virginia, v. Thomp-
son), 4 Cir., 240 F.2d 59, certiorari
denied 353 U.S. 910, 77 S.Ct. 667, 1 L.Ed.
2d 664. After the affirmance of the de-
cree on the former appeal, the District
Judge found that seven Negro children
had been denied admission to schools in
violation of the terms of the decree and
entered an order enjoining defendants
from refusing to admit them to the
schools to which they had applied for ad-
mission. We think that the order was
clearly proper for reasons adequately
stated in the opinion of the District
Judge and nothing need be added to what
was there said, 159 F.Supp. 567.

While ordinarily in cases of this sort
an injunctive order should merely en-
join racial discrimination by school au-
thorities without attempting to direct
details of administration, there was a
finding here that, in violation of the prior
injunctive order of the court, discrimina-
tion had been practiced with respect to
these Negro children. The judge found

that the defendants in refusing them admission had acted in good faith in reliance upon a statute passed after the entry of the injunctive order and that they "did not intend any defiance of the injunction". Instead of adjudging them in contempt, therefore, and providing that the contempt might be purged by admitting the children to the schools to which they had made application, he took the milder course of entering an order specifically defining what was required of defendants under the order which had been violated and giving them the opportunity of avoiding a contempt citation by complying with the order so entered. There is nothing in this of which they can justly complain.

Affirmed.